IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOHN DOE** and **JANE DOE**, individually, | ) Case No.: |
| Plaintiffs, | ) |
| vs. | ) |
| **BOARD OF EDUCATION FOR BEECHER SCHOOL DISTRICT # 200U;** | ) |
| **BEECHER SCHOOL DISTRICT #200U** and **JAMES VIDMAR**, | ) |
| Defendants | ) |

## VERIFIED COMPLAINT

Now come the plaintiffs, by and through their lawyer, Steven Glink and complaining against the defendants, states as follows:

### NATURE OF THE CASE

Defendant James Vidmar, while employed at Beecher High School as the band and choir teacher, set up a hidden camera in the band and choir students' changing area and after directing students to change into their uniforms in those rooms, secretly recorded students, including plaintiff, in a state of undress. This lawsuit seeks to hold the defendants liable for their conduct in violating the plaintiffs' federal and state rights, which caused severe emotional distress to plaintiff.

## THE PARTIES

1. At all times relevant to this complaint, Jane Doe was a female student enrolled at Beecher High School who was under 18 years of age at the time of defendants' illegal acts.

2. John Doe was/is Jane Doe's biological father.

3. Both plaintiffs were and are residents of the Village of Beecher, Will County, Illinois.

4. At all times relevant to this complaint, Beecher School District # 200U (the district) was an Illinois school district organized and operated pursuant to the Illinois School Code.

5. The district's principal business office is located in Will County, Illinois.

6. At all times relevant to this complaint, the members of the Board of Education (BOE or the board) for the district were elected and charged with the responsibility to operate the school district in compliance with Illinois law.

7. At all times relevant to this complaint, James Vidmar was employed by the BOE as a music teacher at Beecher High School.

## VENUE AND JURISDICTION

8. Jurisdiction id proper pursuant to 28 USC 1331.

9. Venue is proper pursuant to 28 USC 1392.

## FACTS COMMON TO ALL COUNTS

10. On information and belief, the district is a recipient of federal funds.

11. Jane Doe was a student enrolled in defendant Vidmar's music class.

12. From time to time, as a part of the school's music activities, Jane Doe was directed by Vidmar to go into a choir dressing room and disrobe to change into her band/choir uniform.

13. While performing his duties as band/choir teacher at BHS, Vidmar installed a secret camera in said dressing rooms with the intent to record the naked images of his female students.

14. Unbeknownst to Jane Doe, her partially naked image was recorded and viewed by Vidmar.

15. Vidmar's actions were discovered in November, 2018. Sometime after that, Jane Doe was informed that her partially naked images had been recorded and viewed by Vidmar.

16. At the time she was informed, Jane Doe was a minor (17 years old).

17. This complaint is filed less than one year from Jane Doe's 18th birthday.

## COUNT I-VIOLATION OF TITLE IX

18. Plaintiffs incorporate their allegation in paragraphs 1-17 as their allegations for this count.

19. Title IX of the Education Amendments of 1972, 20 USC 1681, et. seq., provides that no person shall, on the basis of sex, be excluded from participation in, or denied the full benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance.

20. Under *Cannon v. University of Chicago*, 441 U.S. 677, 99 S. Ct. 1946 (1979) and *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S. Ct. 1028 (1992), plaintiff Jane Doe has a private right of action for monetary damages, including punitive damages for if the school district/board of education shows deliberate indifference towards the plaintiff in dealing with sex discrimination and/or sexual harassment.

21. The school defendants owed a duty to Jane Doe prevent acts of sexual harassment/ sexual abuse committed by employees/ teachers against other students.

22. The school defendants also had a duty to protect female students, and Jane Doe in particular, from acts of sexual harassment and/or sexual abuse by employees.

23. The school defendants violated the duties owed to Jane Doe in one or more of the following ways:

a) Failed to properly investigate acts of sexual harassment/ sexual abuse by Vidmar against female students;

b) Failed to take appropriate action to protect Jane Doe from acts of sexual harassment/sexual abuse by Vidmar at school or at school events;

c) Failed to provide adequate supervision of Vidmar on school property or at school events;

d) Failed to ensure that Janet Doe was able to participate equally to male students in school related activities and programs without being in fear of further acts of sexual harassment by Vidmar;

e) Failed to follow their own anti-sexual harassment policies.

24. The above described facts demonstrate an utter indifference to Jane Doe's well-being and rights under Title IX.

25. As a direct and proximate result of the school defendants' acts or omissions, Jane was denied an equal opportunity to participate equally in school sponsored programs because she becomes severely anxious seeing him or knowing he was in close proximity to her.

26. As a direct and proximate result of the school defendants' acts or omissions, the plaintiffs have suffered severe emotional injuries.

WHEREFORE, plaintiffs respectfully pray that the Court enter judgment in their favor in an amount in excess of $1.000,000 as compensatory damages.

Plaintiffs further pray that the Court enter an award of $1,000,000.00 in their favor against the school defendants as punitive damages for their reckless indifference towards Jane Doe.

## COUNT II-NEGLIGENCE (STATE LAW CLAIM)

27. Plaintiff realleges her allegations in paragraphs 1-26 above as her allegations for this count.

28. At all times relevant to this complaint, Jane Doe had a right to privacy in the images of her body as well as to the integrity of her body.

29. The school defendants owed a duty of care to Jane to ensure that Vidmar had no inappropriate contact with her.

30. The defendants owed a special duty of care to Jane because at that time, she was a minor and a student enrolled in their high school and as such, the defendants were in a fiduciary position of trust.

31. The BOE and the district are liable for Vidmar's actions under the doctrine of respondeat superior.

32. The school defendants violated that duty to Jane in one or more of the following ways:

    a. Carelessly and negligently failed to protect Jane from Vidmar's sexually inappropriate behavior;

    b. Carelessly and negligently failed to supervise Vidmar while he performed his duties as a teacher;

    c. Was otherwise careless and negligent.

33. As a direct and proximate result of defendants' negligent acts or omissions, Jane suffered severe emotional distress and other personal injuries upon discovering what Vidmar had done.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor against all of the school defendants, jointly and severally in an amount in excess of $1,000,000.00 plus costs.

## COUNT III-WILFUL AND WANTON AGAINST THE SCHOOL DEFENDANTS
## (STATE LAW CLAIM)

34. Plaintiffs reallege their allegations contained in paragraphs 1-26 as their allegations for count III herein.

35. The school defendants had a duty to refrain from acting with an utter indifference to Jane's safety.

36. In violation of that duty, the school defendants acting willfully and wantonly towards Jane in the following ways:

    a. Willfully and with an utter indifference for Jane's safety failed to protect her from Vidmar's behavior;

    b. Willfully and with an utter indifference for Janet's safety failed to supervise Vidmar on school property;

    c. Willfully and with an utter indifference to Jane, failed to enforce their own sexual harassment policies;

    d. Willfully and with an utter indifference to Jane, failed to inspect the music changing room for the presence of hidden cameras;

    e. Was otherwise guilty of willful and wanton conduct toward Janet.

37. As a direct and proximate result of the school defendants' willful and wanton acts or omissions, Vidmar was able to repeatedly and inappropriately record/ photograph Jane's partially naked body, which caused Jane to suffer severe emotional distress and other personal injuries.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against the school defendants, jointly and severally in an amount in excess of $1,000,000.00 plus costs.

## COUNT IV –VIOLATION OF EQUAL PROTECTION UNDER 42 USC 1983

38. Plaintiffs reallege their allegations contained in paragraphs 1-26 above as their allegations for this count.

39. The statute 42 USC 1983 prohibits a person acting under color of law from violating the rights of another.

40. At all times relevant to this complaint, Jane had a right to privacy in her bodily images. She also had a right to bodily integrity.

41. Under the Fourteenth Amendment to the Federal Constitution, Jane had a right to equal treatment by state actors.

42. At all times relevant to this complaint, Vidmar acted under color of law.

43. Vidmar's actions violated Jane's right to privacy and bodily integrity.

44. Vidmar's actions constitute sexual harassment and violate Jane's right to equal protection because Vidmar discriminated against her based on her sex/gender.

45. As a direct and proximate cause of Vidmar's acts Jane suffered severe emotional distress and other personal injuries.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter judgment in their favor and against James Vidmar in an amount in excess of $1,000,000.00 plus costs and attorney's fees.

## COUNT V- VIOLATION OF DUE PROCESS UNDER 42 USC 1983

46. Plaintiffs reallege their allegations in paragraphs 1-26 above as there allegations in count V herein.

47. Under the Fourteenth Amendments to the Federal Constitution, Jane Doe had a right to due process of law.

48. All defendants violated Jane's rights to due process of law because the acts described above shock the conscious.

49. As a direct and proximate result of defendants' acts or omissions, Jane Doe has suffered severe emotional distress.

WHEREFORE, plaintiff Jane Doe respectfully prays that this Honorable Court enter judgement against all defendants, jointly and severally in an amount of $1,000.000 plus costs and attorney's fees.

## COUNT VI-INVASION OF PRIVACY (STATE LAW CLAIM

50. Plaintiffs reallege their allegations in paragraphs 1-26 above as their allegations for this count.
51. Under Illinois law, Vidmar's actions as described above constitute an intrusion into seclusion of Jane's privacy.
52. The BOE and the district are liable for their employee's actions via respondeat superior.
53. As a direct and proximate cause of the above-described acts or omissions by all defendants Jane's has suffered severe emotional distress and other personal injuries.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against all defendants, jointly and severally in an amount in excess of $1,000,000.00 plus costs.

## COUNT VII-FAMILY EXPENSE ACT AGAINST ALL DEFENDANTS (STATE LAW CLAIM)

54. Plaintiffs reallege their allegations in paragraphs 1-26 above as their allegations for count VII herein.
55. As a direct and proximate result of the defendants' negligent and/or willful and wanton acts or omissions, the Jane was injured emotionally.
56. As a direct and proximate result of the aforesaid injuries, Jane, who was a minor child at that time, incurred medical expenses for which the parents could be obligated to pay pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter judgment in their favor and against all defendants, jointly and severally for an amount in excess of $100,000 plus costs.

## COUNT VIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE LAW CLAIM)

57. Plaintiffs reallege their allegations in paragraphs 1- 26 as their allegations for count VII herein.

58. Vidmar's actions of secretly installing hidden cameras in the female student's dressing area with the intent to view them in a state of undress are extreme, outrageous and egregious.

59. Defendants knew or should have known that Vidmar's actions of videoing and viewing Jane's private would cause her extreme and severe emotional distress.

60. Jane did in fact suffer severe emotional distress as a result of Vidmar's actions.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter judgement in their favor against the defendants, jointly and severally, in the amount of $1,000,000 plus costs.

## COUNT IX- VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT (STATE LAW CLAIM)

61. Plaintiffs reallege their allegations in paragraphs 1-26 above as their allegations for this count.

62. Section 5A of the Illinois Human Rights Act ("the Act") prohibits sexual harassment in secondary schools. 775 ILCS 5/5A-101 et. seq.

63. Under subsection of the Act, Beecher High School is an institution of secondary education.

64. Under subsection C of the Act, Jane Doe is a student.

65. Under subsection D of the Act, Vidmar is a secondary school representative.

66. Under subsection E of the Act, Vidmar's actions constitute sexual harassment.

67. The facts alleged demonstrate that the defendants violated section 102 of the Act (e.g., Civil Rights violations).

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against all defendants, jointly and severally in the amount of $1,000,000.00 plus costs and reasonable attorney's fees.

Respectfully Submitted,

By: s/ Steven Glink

Law Offices of Steven Glink, ARDC # 6180869
Attorney for Plaintiffs
3338 Commercial Avenue
Northbrook, Illinois 60062
847-480-7749 (voice)
847-480-9501 (facsimile)
steve@educationrights.com