**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN and JANE DOE, individually, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Case No. 20 CV 03794 |
| BOARD OF EDUCATION FOR BEECHER SCHOOL DISTRICT #200U; BEECHER SCHOOL DISTRICT #200U; and JAMES VIDMAR, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**SCHOOL DEFENDANTS' MOTION TO DISMISS PURSUANT**
**TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Certain Defendants, the BOARD OF EDUCATION FOR

BEECHER SCHOOL DISTRICT #200U and BEECHER SCHOOL DISTRICT

#200U ("School Defendants"), by and through its attorney Cynthia S. Grandfield of

Del Galdo Law Group, LLC and in support of their motion to dismiss argues:

Plaintiffs are a former student and her parental guardian that allege that a

former music teacher secretly video recorded her while changing for band/choir.  See

Dkt. No. 1, ¶¶11-16.  Plaintiffs' Complaint consists of the following counts: (1)

Violation of Title IX (against all defendants and requests punitive damages against

all defendants); (2) Negligence State Law Claim - right to privacy (against all

defendants); (3) Willful and Wanton State Law Claim (against all defendants); (4)

Violation of Equal Protection under 42 USC 1983 (against Vidmar); (5) Violation of

Substantive Due Process under 42 USC 1983 (against all defendants); (6) Invasion

of Privacy (State Law Claim) [Intrusion of Seclusion] (against all defendants) [this

appears to be a duplicate of Count 2]; (7) Family Expense Act (against all defendants); (8) Intentional Infliction of Emotional Distress (state law claim)(against all defendants); (9) Violation of the Illinois Human Rights Act (State Law Claim)(Against All Defendants).

The School Defendants move to dismiss on several bases. With respect to Count I's Title IX claim, the School Defendants move to dismiss on the grounds that it fails to make out a private cause of action against them. With respect to the Illinois state tort claims, they must be dismissed for: failure to sufficiently allege *respondeat superior* liability (Counts II, III, VI, VIII); in the alternative, the general negligence count must be dismissed pursuant to School Code immunity (Count II); and; the Family Expense Act is a derivative claim that cannot exist as an independent cause of action without the underlying tort claims (Count VII). With respect to the Illinois Human Rights Act claim in Count IX, that claim must be dismissed for failure to file with the Department of Human Rights within 300 days, failure to first file the charge in the Illinois Department of Human Rights, and for the School Defendants not being contemplated or contained within the meaning of "representative" as well as the type of acts complained of not being contained in the definition of "civil rights violation." Lastly, Count V's substantive due process claim must be dismissed as against the School Defendants for failure to make out <u>Monell</u> allegations and failure to allege a "special relationship" or "state created danger" so as to make out a claim substantively.

I.    *Standard for Dismissal.*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.

Christensen v. City of Boone, Ill., 483 F.3d 454, 457 (7th Cir. 2007). Under the

federal notice pleading standards, "a plaintiff's complaint need only provide a short

and plain statement of the claim showing that the pleader is entitled to relief,

sufficient to provide the defendant with fair notice of the claim and its basis."

Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); see also Fed. R. Civ. P.

8(a). But, the complaint must also allege "enough facts to state a claim to relief that

is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (7th Cir. 2009)(*citing*

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).). For a claim to have facial

plausibility, a plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for

¶complaint "requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555.

II.    *No Basis for Title IX Liability Against the School Defendants Exists*
       *(Count I).*

Plaintiffs claim in their complaint that a basis for a private cause of action under

Title IX liability exists pursuant to Cannon v. University of Chicago, 441 U.S. 677,

99 S. Ct. 1946 (1979) and Franklin v. Gwinnett County Public Schools, 503 U.S. 60,

112 S. Ct. 1028 (1992). See Dkt. No. 1, ¶ 20. There is no private cause of action

under Title IX in this instance.

The Seventh Circuit considered when Title IX could be brought as a private cause of action in Smith v. Metropolitan School District Perry Township, 128 F.3d 1014 (7th Cir. 1997). In Smith, a physical education teacher and swim coach had had a sexual relationship with a 17-year old high school student. Id. at 1016-1018. While the Seventh Circuit did determine that a Title IX claim could be brought for sexual harassment or a hostile environment in keeping with Cannon and Gwinnett, it then turned its attention to principles of agency and the statutory language of Title IX. Id. at 1018-1019. After discussing common law agency principles as well as the "agency-like" principles under Title VII that the plaintiff was urging the Seventh Circuit to apply, the Seventh Circuit looked to the statutory language of Title IX as well as other Circuits and trial courts interpretations of Title IX. Id. at 1022-1027. The Seventh Circuit ultimately determined that neither agency nor agency like principles applied, based on the fact that, unlike Title VII, its definition of "program or activity" did not include any reference to "agent" and also was enacted under the Spending Clause as opposed to Title VII's enactment under the Commerce Clause. Id. at 1027-1034. The Seventh Circuit also referenced the Supreme Court's §1983 ruling in Monell that rejected the application of *respondeat superior* agency principles also because §1983 does not include a reference to "agent" in the statute. Id. at 1027-1028 After a thorough examination, the Seventh Circuit determined that a school district could only face liability if a school district had actual knowledge of the misconduct, had the duty and power to end the

misconduct, and failed to do so based on the requirement of intent under Title IX. Id. at 1034.

As a helpful contrast, in a decision handed down by the Seventh Circuit just two months after Smith, the Seventh Circuit determined in Mary M. v. North Lawrence Community School Corp., 131 F.3d 1220 (7th Cir. 1997), that the school district could be liable due to allegations that school officials were aware of the sexual harassment at issue and failed to stop it. Id. at 1224-1225.

In this case, by Plaintiffs' own allegations, the cameras that were performing the recording were "secret" and were not discovered until "November of 2018." See Dkt. No. 1, "Nature of the Action," ¶11-15. There are no allegations, nor can there be, that any school officials that had the power to stop the recording had any knowledge of the recording. Instead, Plaintiffs' allegations in relation to the Title IX claim attempt to imply a lesser standard which has already been rejected by the Seventh Circuit with allegations such as failing to "protect" and "provide adequate supervision." See Dkt. No. 1, ¶24(a), (b). There is one allegation that the School Defendants "failed to enforce their own sexual harassment policies." See Dkt. No. 1, ¶24(c). But there is no elaboration as to what this very general statement means and not a whisper of a fact that supports this so as to satisfy the plausibility standard in Twombly and Iqbal and survive dismissal. Count I must be dismissed with prejudice.

III.    *No Basis for State Law Tort Liability Against the School Defendants Exists (Counts II, III, VI, VII, VIII).*

Plaintiffs bring several Illinois tort claims against the School Defendants including (a) negligence; (b) willful and wanton negligence; (c) invasion of privacy; (d) intentional infliction of emotional distress; and (e) for reimbursement under the Illinois Family Medical Expense Act.  Each of these claims should be dismissed.

*A.  No Basis for Respondeat Superior Exists (Counts II, III, VI, VIII).*

Plaintiff's claims rest pretty much exclusively on the acts of her former teacher, Vidmar.  <u>See</u> Dkt. No. 1, ¶ 10-15. Because of this, Plaintiff has alleged that the School Defendants should be liable on the basis of *respondeat superior* with respect to the general negligence claim and invasion of privacy claim.  <u>See</u> Dkt. No. 1, ¶31, 52.  For an employer (here the School Defendants) to be held liable under the doctrine of *respondeat superior* for the acts of Vidmar, the acts must have been committed in the scope of employment.  <u>Doe ex rel. Doe v. Lawrence Hall Youth Services</u>, 966 N.E.2d 52, 60 (Ill. App. 1st Dist. 2012). While "scope of employment" is not precisely defined, Illinois courts apply the following three criteria as found in the Restatement (Second) of Agency: " '(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and]; (c) it is actuated, at least in part, by a purpose to serve the master [/employer.]  <u>Id.</u> at 60.  Illinois courts have repeatedly held, after exhaustive reviews, that sexual assault cannot have any relation to job duties and is not to serve any other purpose than the perpetrators own personal gain.  <u>Id.</u> at 60-62. Similarly, here, Vidmar's engagement in alleged sexual misconduct was not at all

related to any of his duties as a teacher and was for no purpose other than for his own personal gain.

In Count III, Plaintiffs attempt to bring a willful and wanton claim.  See Dkt. No. 1, ¶34-37.  However, like the claims of the general negligence and the invasion of privacy claim, they are dependent on the acts of former Vidmar.  Thus, for the same reason that those counts must be dismissed, this count must all too be dismissed. In Count VIII, Plaintiffs attempt to bring an intentional infliction of emotional distress claim against all the defendants, not just Vidmar.  But, again, the basis for the intentional infliction of emotional distress is solely Vidmar's actions. There are no allegations of any wrongdoing the school district or its administration officials engaged in nor is there any reference to *respondeat superior*.  Even if there were, for the same reasons articulated with respect to the other Illinois tort claims, there is no liability.

Counts II, III, VI, and VII must be dismissed with prejudice against the School Defendants.

> B.  *In the Alternative, the School Defendants are Immune From General Negligence Under the Illinois School Code (Count II).*

In addition to the lack of basis for *respondeat superior* liability laid out in Section III (A) of this brief, the school defendants are also not liable for Count II's claim of general negligence pursuant to 105 ILCS 5/24-24 of the Illinois School Code which provides the defendants with immunity from liability for all general negligence claims against them as they operate *in loco parentis* to students.  Thus, just as a parent would not be liable for general negligence neither would the School

7

Defendants. <u>Doe ex rel. Ortega-Prion v. Chicago Board of Educ.</u>, 339 Ill. App.3d 848, 791 N.E.2d 1283 (1st Dist. 2003); <u>Doe v. Board of Educ. of Consol. Sch. Dist.</u>, 18 F. Supp.2d 954 (N.D. Ill. 1998); <u>Grant v. Board of Trustees of Valley View School Dist. No. 365-U</u>, 286 Ill. App.3d 642, 676 N.E.2d 705 (3rd Dist. 1997). Thus, alternatively, Count II's general negligence claim must be dismissed with prejudice against the School Defendants pursuant to the immunity provided in 105 ILCS 5/24-24 of the School Code.

   C. *The Illinois Family Medical Expense Act is a Derivative Claim (Count VII).*

In Count VII of the Complaint, Plaintiffs attempt to make out a claim under the Family Medical Expense Act. <u>See</u> 750 ILCS 65/15. But, for the reasons stated in Sections III (A) of this motion, none of the underlying tort claims survive dismissal. A claim under the Family Medical Expense Act is a derivative claim. Thus, without a viable underlying tort claim, a claim under the Act cannot survive. <u>Cullotta v. Cullotta</u>, 287 Ill. App.3d 967, 974-975, 678 N.E.2d 717, 722 (Ill. App. 1st Dist. 1997). Thus, Count VII should be dismissed with prejudice.

   IV.  *No Basis for an Illinois Human Rights Act Claim Against the School Defendants Exists (Count IX).*

In Count IX, Plaintiffs attempt to make out a cause of action under 775 ILCS 5/5A-101 *et seq.* of the Illinois Human Rights Act. <u>See</u> Dkt. No. 1, ¶61-67. However, for several reasons, the Plaintiffs cannot make out a claim under Act.

   First, the Plaintiffs have failed to file an administrative claim with the Illinois Department of Human Rights prior to filing this lawsuit. <u>See</u> 775 ILCS 5/7-102(A)(1); 775 ILCS 5/7-111(D). Additionally, as the Complaint indicates that

Vidmar's recording was discovered in November of 2018, more than 300 days has passed since the last possible date of injury. See Dkt. No. 1, ¶15. Thus, an administrative claim with the Illinois Department of Human Rights cannot be timely filed. See 775 ILCS 5/7-102(A)(1).

The requirement in section 7-102(A)(1) of the Human Rights Acts that a charge be filed within 300 days of the occurrence is jurisdictional and is a prerequisite for maintaining suit as an inherent element of a right specifically created by the Human Rights Act. Whitaker v. Ill. Human Rts. Com'n, 184 Ill. App.3d 356, 359, 540 N.E.2d 361, 363 (1st Dist. 1989); Pickering v. Human Rights Com'n, 146 Ill. App.3d 340, 346, 496 N.E.2d 746, 750-751 (2nd Dist. 1986). Because the 300-day requirement is jurisdictional under the Human Rights Act, it is not subject to exceptions relevant to statute of limitations arguments, such as estoppel. Klopfer v. Court of Claims, 286 Ill. App.3d 499, 507, 676 N.E.2d 679, 685 (1st Dist. 1997).

Lastly, the plain language of the statute does not include this kind of alleged misconduct. "Sexual harassment" as defined by the Illinois Human Rights Act in the area of education is:

> (E) Sexual Harassment in Elementary, Secondary, and Higher Education. "Sexual harassment in elementary, secondary, and higher education" means any unwelcome sexual advances or requests for sexual favors made by an elementary, secondary, or higher education representative to a student, or any conduct of a sexual nature exhibited by an elementary, secondary, or higher education representative toward a student, when such conduct has the purpose of substantially interfering with the student's educational performance or creating an intimidating, hostile or offensive educational environment; or when the elementary,

9

secondary, or higher education representative either explicitly or implicitly makes the student's submission to such conduct a term or condition of, or uses the student's submission to or rejection of such conduct as a basis for determining:

(1) Whether the student will be admitted to an institution of elementary, secondary, or higher education;

(2) The educational performance required or expected of the student;

(3) The attendance or assignment requirements applicable to the student;

(4) To what courses, fields of study or programs, including honors and graduate programs, the student will be admitted;

(5) What placement or course proficiency requirements are applicable to the student;

(6) The quality of instruction the student will receive;

(7) What tuition or fee requirements are applicable to the student;

(8) What scholarship opportunities are available to the student;

(9) What extracurricular teams the student will be a member of or in what extracurricular competitions the student will participate;

(10) Any grade the student will receive in any examination or in any course or program of instruction in which the student is enrolled;

(11) The progress of the student toward successful completion of or graduation from any course or program of instruction in which the student is enrolled; or

(12) What degree, if any, the student will receive.

*See* 775 ILCS 5/5A-101(E).

A civil rights violation of the Act only occurs when:

(A) Elementary, Secondary, or Higher Education Representative. For any elementary, secondary, or higher education representative to commit or engage in sexual harassment in elementary, secondary, or higher education.

(B) Institution of Elementary, Secondary, or Higher Education. For any institution of elementary, secondary, or higher education to fail to take remedial action, or to fail to take appropriate disciplinary action against an elementary, secondary, or higher education representative employed by such institution, when such institution knows that such elementary,

secondary, or higher education representative was committing or engaging in or committed or engaged in sexual harassment in elementary, secondary, or higher education.

*See* 775 ILCS 5/5A-102.

While the alleged videotaping of underage students changing at a school for band and choir activities is certainly reprehensible, there are no allegations that Vidmar created a hostile or offensive work environment or engaged in any *quid pro quo* activity as outlined in 775 ILCS 5/5A-102(A). Nor can there be as, by Plaintiffs' own allegations, no one was aware that Vidmar was video recording at the time. See Dkt. No. 1, ¶11-15. Further, there are also no allegations, nor can there be, that the School Defendants failed to take remedial action or appropriate disciplinary action within the meaning of 775 ILCS 5/5A-102(B), as, again, no one was aware that Vidmar was recording.

Count IX's Illinois Human Rights Act claim should be dismissed with prejudice.

V. *No Basis for a Substantive Due Process Claim Against the School Defendants Exists (Count V).*

In Count V, Plaintiffs attempt to make out a Substantive Due Process claim against the defendants. See Dkt. No. 1, ¶46-49. The claim, to the extent brought against the School Defendants, must fail and be dismissed for two reasons: (1) it does not contain any Monell allegations; and (2) it fails to sufficiently allege a substantive due process claim against the School Defendants.

A. *No Monell allegations*

The School Defendants may only be liable under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well-settled; or (3) an official with final policy-making authority. Thomas v. Cook County Sheriff's Department, 604 F.3d 293, 303 (7th Cir. 2010). To impose liability on a municipality based on Monell, the school's policy must be "the moving force" behind the plaintiff's constitutional injury. Thomas, 604 F.3d at 306. To survive a motion to dismiss, Plaintiffs "must plead factual content that allows the [C]ourt to draw a reasonable inference" with respect to Monell. McCauley v. City of Chicago, 671 F.3d 611, 616-617 (7th Cir. 2011). Boilerplate allegations entirely lacking in any factual support that a municipal policy does exist are insufficient and must be dismissed. McTigue v. City of Chicago, 60 F.3d 381, 382-383 (7th Cir. 1995).

In this case, Plaintiffs fail to provide any Monell allegations whatsoever in support of their substantive due process claim. Thus, Count V must be dismissed with prejudice.

B. *No Substantive Due Process Made Against School Defendants*

"The Due Process Clause is intended as a 'limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security.'" Belcher v. Norton, 497 F.3d 742, 753 (7th Cir. 2007)(*quoting* DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989).). "[T]he Due Process Clause of the

12

Fourteenth Amendment generally does not impose upon the state a duty to protect individuals from harm." King v. East St. Louis Sch. Dist. 189, 496 F.3d 812, 817 (7th Cir. 2007). There are two circumstances, however in which a state must affirmatively act to protect individuals from harm: (1) when the state has a special relationship with the private actor by virtue of the state's custody of the individual; and (2) when the state itself creates the danger – also known as the state-created danger doctrine. See id.; Martin v. Shawano-Gresham Sch. Dist., 295 F.3d 701, 708 (7th Cir. 2002). In this case, Plaintiffs have failed to sufficiently allege either circumstance.

1. *No "Special Relationship" Exists.*

With respect to a "special relationship," a special relationship exists if the government has custody of a person, thus cutting off alternative avenues to aid. See Monfils v. Taylor, 165 F.3d 511, 516 (7th Cir. 1998). The Seventh Circuit has rejected the theory that a "special relationship" exists between a school and its students. J.O. v. Alton Community Unit School, involved a claim that a schoolteacher had sexually molested several children. The J.O. plaintiffs claimed that the school defendants had a "special relationship" to the schoolchildren, imposing an affirmative duty to provide for their safety and prevent the child abuse that occurred. 909 F.2d 267, 272 (7th Cir. 1990). The Seventh Circuit held that "the government, acting through local school administrations, has not rendered its schoolchildren so helpless that an affirmative constitutional duty to protect arises." Id. at 272. Further, schoolchildren are not "in custody" in the way necessary to give

13

rise to such a duty.  Id.  The only groups which the Supreme Court has ever recognized such a duty are prisoners and mental patients. Id.  Thus, like J.O. no special relationship is created by Vidmar being Plaintiff's teacher so as impute liability for the School Defendants.

   *2.  No "State Created Danger" Existed.*

   With respect to a "state created danger," there are three elements of the doctrine: (1) the state, by its affirmative acts, must create or increase a danger faced by an individual [;] (2) the failure on the part of the state to protect an individual must be the proximate cause of the injury to the individual (…the plaintiff must be the foreseeable victim of a defendant's acts in a tort sense) [;] and (3) the state's failure to protect the individual must shock the conscience.  King ex rel. King v. East St. Louis School Dist. 189, 496 F.3d 812, 818-819 (7th Cir. 2007).

   The plaintiff's case in King failed the third element: there was nothing conscience-shocking about the school's policy of refusing to allow unsupervised students to enter the building after hours.  Id. at 818, 819.  In so ruling, the Seventh Circuit held "[t]here is no indication that the policy adopted was deliberately indifferent to the safety of the students." Id.  Rather, "[a]ny fault on the part of the school district in implementing such a policy was simple negligence in failing to account for all circumstances that may arise in which a student would seek to reenter school." Id.

   In this case, the Plaintiffs cannot plausibly, in keeping with the standards of Twombly and Iqbal, make out any of the elements by the very nature of the conduct

alleged – a music teacher "secretly" placing video cameras to record students while they were in a state of undress. See Dkt. No. 1, "Nature of the Case," ¶11-15. With respect to the first element, the School Defendants did not do any affirmative act to create or increase the danger. With respect to the second element, even if there could be an argument that the School Defendants had a duty to constantly monitor Vidmar, it is totally unforeseeable that a teacher would engage in the alleged bizarre criminal behavior. Lastly, with respect to the third element, there is nothing that the School Defendants did or failed to do that would shock the conscience. This is not a circumstance, for example, where the School Defendants were notified of Vidmar's alleged misconduct and failed to act. See Mary M. v. North Lawrence School Corporation, 131 F.2d 1220, 1224-1225 (7th Cir. 1997).

WHEREFORE, Certain Defendants, the BOARD OF EDUCATION FOR BEECHER SCHOOL DISTRICT #200U and BEECHER SCHOOL DISTRICT #200U, respectfully request that their motion to dismiss be granted and that the Court dismiss the Complaint against them with prejudice.

Respectfully submitted,

By:/s/ Cynthia S. Grandfield
Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
Michael A. Albert
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
(312) 222-7000 (t)
Please direct all mailings to:
1441 S. Harlem Avenue
Berwyn, Illinois 60402

15