IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE AND JANE DOE,<br><br>v.<br><br>BOARD OF EDUCATION FOR<br>BEECHER SCHOOL DISTRICT #201-U,<br>BEECHER SCHOOL DISTRICT #201-U,<br>AND JAMES VIDMAR<br><br>Defendant. | Case No. 1:20-cv-03794<br><br>Hon. Charles R. Norgle |

## ORDER

The motion to dismiss filed by Defendant Board of Education for Beecher School District 201U and Defendant Beecher School District 201U [9] is granted. Those Defendants are dismissed from the case.

## STATEMENT

Plaintiffs John and Jane Doe, pseudonyms[1] for a father and his then-minor daughter, sued a teacher at Jane Doe's school, along with the school district and its board. Plaintiffs allege that Defendant James Vidmar was a choir teacher who, while "as the band and choir teacher, set up a hidden camera in the band and choir students' changing area and after directing students to change into their uniforms in those rooms, secretly recorded students, including plaintiff, in a state of undress." Compl. at 1. Vidmar would direct female students to "go into a choir dressing room and disrobe to change" so that Vidmar could "record the naked images of his female students." Id.

---

[1] Plaintiffs did not properly move to proceed under a pseudonym. However, because the allegations involve sexual misconduct against a minor, the Court will permit Plaintiffs to proceed without publicly identifying their names. Doe v. Farmington Mun. Sch., 2021 WL 1390777, at *3 (D.N.M. Apr. 13, 2021); J.T.H. v. Missouri Dep't of Soc. Servs., Children's Div., 2020 WL 7480563, at *2 (E.D. Mo. Dec. 18, 2020).

¶¶12-13. According to Plaintiffs, Vidmar is being criminally prosecuted for this misconduct in Will County. Dkt. 12 at 1, n2.

Plaintiffs filed this lawsuit, suing Vidmar, the school district, and the school district's board for (1) violations of Title IX, (2) negligence, (3) willful and wanton misconduct, (4) equal protection violations through 42 U.S.C. § 1983, (5) due process violations through 42 U.S.C. § 1983, (6) invasion of privacy, (7) violations of the Family Expense Act, (8) intentional infliction of emotional distress, and (9) violations of the Illinois Human Rights Act. Vidmar answered Plaintiffs' complaint. Defendant Board of Education for Beecher School District 201U and Defendant Beecher School District 201U ("School Defendants") moved to dismiss all claims against them. For the reasons discussed below, the Court grants the School Defendants' motion.

## A. Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). This statement must provide sufficient plausible facts to put a defendant on notice of the claims against him. Brooks v. Ross, 578 F. 3d 574, 581 (7th Cir. 2009). The complaint "must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above a speculative level.'" Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015) (quoting Twombly, 550 U.S. at 555, 570). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citations and quotation marks omitted). In reviewing a plaintiff's claim, the court "must construe all of the plaintiff's factual allegations as true, and must

2

draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). However, the facts pleaded in the complaint must form a legally cognizable claim to survive a motion to dismiss. Fifth Third Bank v. Hirsch, No. 10 C 5484, 2011 WL 2470643, at *2 (N.D. Ill. June 20, 2011).

### B. Plaintiffs' claim under Title IX fails because the complaint does not allege that the School Defendants had actual knowledge of Vidmar's alleged misconduct.

The School Defendants move to dismiss Plaintiffs' claim under 20 U.S.C. § 1681(a)—often referred to as a Title IX claim—arguing that the complaint does not allege that the School Defendants knew about Vidmar's alleged misconduct, and they therefore cannot be held liable for conduct they knew nothing about. Actual knowledge is, under Seventh Circuit precedent, required for a successful claim under Title IX. Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010); Smith v. Metro. Sch. Dist. Perry Twp., 128 F.3d 1014, 1034 (7th Cir. 1997) ("a school district is liable for teacher-student sexual harassment only if a school official who had actual knowledge of the abuse was invested by the school board with the duty to supervise the employee and the power to take action that would end such abuse and failed to do so.") (internal citation and quotation omitted). Plaintiffs argue that "whether Vidmar was in charge of the band is a question of fact. Similarly, what administrators knew about Vidmar's actions and when they knew it are also questions of fact. Questions of fact require the parties to engage in the discovery process." Dkt. 12 at 6-7. However, a claim will not survive a motion to dismiss unless it plausibly alleges the necessary factual basis for the claim above a speculative level. E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). Having no basis to plead actual notice but hoping to find some foundation for the claim through discovery is a classic fishing expedition. Bissessur v. Indiana Univ. Bd. of Trustees, 581 F.3d 599, 604 (7th Cir. 2009).

3

Plaintiffs also appear to argue for the application of a strict liability standard in Title IX cases. Although much of Plaintiffs' counsel's brief lacks ideal clarity, this argument in support of Plaintiffs' Title IX claim is particularly troubling. Although Plaintiff's counsel cites cases containing the correct standard for school liability in Title IX teacher abuse cases—actual knowledge—counsel also purports to quote from the Supreme Court's Franklin decision in support of a strict liability standard:

> Franklin clarified the meaning of the Restatement in the context of teacher sexual abuse cases: "The law can impose strict liability under respondeat superior for every act of sexual abuse or harm by a teacher against a student because the abuse is enabled by the perpetrator's status as a teacher." 129 S. Ct. @ 1029-1030. "The truth is that school district strict liability is based on the teacher's apparent authority to commit his acts of sexual abuse/harassment aided by his position." Id. @ 1033.

Dkt 12 at 5. Despite the use of full-sentence quotations attributed to Franklin, no such language exists in Franklin. See generally Franklin v. Gwinnett Cty. Pub. Sch., 503 U.S. 60 (1992). Franklin does not contain similar language establishing a strict liability standard for school liability in Title IX cases either. No court, as far is this Court can tell, has held that schools are strictly liable for teacher misconduct under Title IX. Further, the Court cannot locate the sentences counsel quoted in any case, state or federal, in any secondary source, or in any other legal authority. The Court is left to wonder whether counsel fabricated these quotes.[2]

Regardless, the Seventh Circuit, the decisions of which this Court is bound to follow, has held that actual notice is required for a Title IX claim. Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010); Smith v. Metro. Sch. Dist. Perry Twp., 128 F.3d 1014, 1034 (7th Cir. 1997).

---

[2] Plaintiff also represents that Franklin contains the following language: "There can be institutional liability under Title IX if the school official had actual knowledge or a duty to supervise the employee AND the power to act AND failed to do so." Dkt. 12 at 6. Although that proposition is closer to the correct standard, that language also does not appear in the Supreme Court's decision, or any other case as far as this Court can ascertain.

Because Plaintiffs have failed to plead any facts that might indicate that the School Defendants had any notice of Vidmar's alleged misconduct, the claim must be dismissed.

### C. Plaintiffs' claims for negligence, willful and wanton misconduct, invasion of privacy, intentional infliction of emotional distress, and violations of the Family Expense Act (Counts II, III, VI, VII, and VIII) all fail for lack of <u>respondeat superior</u> liability.

Plaintiff alleges several state-law claims against the School Defendants. All of which require the Plaintiffs to demonstrate the elements of the doctrine of <u>respondeat superior</u> to hold the School Defendants liable for Vidmar's alleged misconduct. To establish <u>respondeat superior</u> liability, the misconduct must occur within the employee's scope of employment. <u>Doe ex rel. Doe v. Lawrence Hall Youth Services</u>, 966 N.E.2d 52, 60 (Ill. App. 1st Dist. 2012). The School Defendants argue that sexual assault and sexual harassment are, as a matter of law, outside the scope of employment because those acts benefit the assailant and not the employer. Outside of some rare exceptions not present here, courts routinely hold that sexual misconduct does not fall within the scope of employment. <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 757 (1998); <u>Albright v. Am. Greetings Corp.</u>, 2020 WL 3303001, at *3 (N.D. Ill. June 18, 2020); <u>Doe v. Clavijo</u>, 72 F. Supp. 3d 910, 914 (N.D. Ill. 2014); <u>Doe v. Hudgins</u>, 1997 WL 337247, at *2 (N.D. Ill. June 17, 1997); <u>Mackey v. Vill. of Dixmoor</u>, No. 05 C 1909, 2005 WL 8177379, at *6 (N.D. Ill. Aug. 22, 2005); <u>Parkhurst v. United States</u>, 2001 WL 1386059, at *4 (S.D. Ind. Sept. 10, 2001).

Plaintiffs' response to this argument is a mishmash of misunderstanding about agency law. Contrary to Plaintiffs' assertion, the Court need not wade into a fact-intensive frolic-and-detour inquiry into Vidmar's alleged misconduct when the allegations themselves demonstrate that he acted outside the scope of his employment as a matter of law. <u>Doe v. City of E. St. Louis</u>, 2013 WL 5497193, at *3 (S.D. Ill. Oct. 3, 2013) ("As a matter of law, Illinois courts have held that sexual assault, by its very nature, is not within the scope of employment under the doctrine of

respondeat superior."). Further, Plaintiffs' argument that Vidmar's sexual misconduct was somehow "in furtherance of his desire to serve the district as the band director" is unsupported, at best.

Because, as a matter of law, Vidmar's alleged misconduct precludes liability under a respondeat superior theory, the claims against the School Defendants for negligence,[3] willful and wanton misconduct, invasion of privacy, and intentional infliction of emotional distress are dismissed. Further, because the parties agree that Count VII under the Family Expense Act is derivative of Plaintiffs' tort claims, it too must be dismissed.

### D. Plaintiffs' claims under 42 U.S.C. § 1983 (Counts IV and V) must be dismissed because they do not plead the necessary elements under Monell.

The School Defendants argue that the Plaintiffs' § 1983 claims must be dismissed because they fail to show how the School Defendants are responsible for Vidmar's alleged misconduct, much less meet the heightened standard under Monell. Plaintiffs request that the Court deny the motion to dismiss because the Plaintiffs are entitled to "evidence via the discovery process to prove her claim. If it turns out that there is no evidence, defendants can move for summary judgment." Dkt. 12 at 12.

First, Plaintiffs' §1983 claims fail for the same reason their state tort claims fail: Plaintiffs have not alleged that the School Defendants knew about Vidmar's alleged misconduct. The Seventh Circuit has held that the Monell standard is a higher standard than the doctrine of respondeat superior. Cornfield by Lewis v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1327 (7th Cir. 1993) (holding that a school district must "have actual or constructive notice that a

---

[3] Plaintiffs' negligence claim must also be dismissed because the School Defendants are immune from general negligence suits under the Illinois School Code. Doe ex rel. Ortega-Prion v. Chicago Board of Educ., N.E.2d 1283 (Ill App. 1st Dist. 2003); Doe v. Board of Educ. of Consol. Sch. Dist., 18 F. Supp.2d 954 (N.D. Ill. 1998); Grant v. Board of Trustees of Valley View School Dist., 676 N.E.2d 705 (Ill App. 3rd Dist. 1997).

6

particular omission that is likely to result in constitutional violations. Otherwise, we would risk creating de facto respondeat superior liability, which is contrary to Monell.") Because Plaintiffs have not pleaded actual or constructive notice on the part of the School Defendants, their § 1983 claims must be dismissed.

Second, even if the School Defendants had actual knowledge or if Plaintiffs could demonstrate that Vidmar's misconduct was plausibly within the scope of his employment, Monell requires more to establish § 1983 liability. "Under Monell v. Dept. of Social Services of New York, municipalities, including school boards, may not be held liable under section 1983 simply because they employed the tortfeasor acting within the scope of his or her employment." Cornfield by Lewis v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1324 (7th Cir. 1993). "Time and again the Supreme Court has reinforced the strict prohibition against allowing principles of vicarious liability to establish municipal liability under § 1983." J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020) ("respondeat superior does not apply under § 1983.") "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Thus, Monell requires that a plaintiff plead and ultimately demonstrate that "that a municipal policy or custom caused the constitutional injury." J.K.J. 960 F.3d at 377.

Plaintiffs' complaint does not contain even a cursory allegation that the School Defendants had some policy or custom of permitting teachers to sexually prey on their students, much less plausible factual allegations supporting such a conclusion. Plaintiffs' insistence that they be permitted to continue to discovery without plausible allegations supporting the basic elements of their § 1983 claims is unavailing. Laslie v. Cicero, 2021 WL 1853250, at *16 (N.D. Ill. May 10,

2021); Fifth Third Bank v. Hirsch, , 2011 WL 2470643, at *2 (N.D. Ill. June 20, 2011). Plaintiffs § 1983 claims against the School Defendants are accordingly dismissed.

### E. Plaintiffs' claim for a violation of the Illinois Human Rights Act fails for lack of administrative exhaustion.

School Defendants argue that Plaintiffs' claim against them for a violation of the Illinois Human Rights Act must be dismissed because Plaintiffs did not administratively exhaust that claim. Plaintiffs have not filed an administrative claim with the Illinois Department of Human Rights, which is a requirement under § 7-102(A)(1) of the Illinois Human Rights Act. Glemser v. Sugar Creek Realty, LLC, 2010 WL 375166, at *2 (C.D. Ill. Jan. 26, 2010). Plaintiffs argue that the Supreme Court's decision in Fort Bend Cty., Texas v. Davis held that a plaintiff's failure to file an administrative charge does not require dismissal of the action. 139 S. Ct. 1843, 1849 (2019). That was not the Supreme Court's holding. The Supreme Court held that a defendant could waive an administrative-exhaustion defense if the defendant "waits too long to raise the point." Id. In other words, the Supreme Court held that the administrative-exhaustion defense was waivable, not unenforceable. Here, the School Defendants timely raised the objection, and the administrative exhaustion requirement will be enforced accordingly.

Plaintiffs also argue that the Illinois Supreme Court in Blount v. Stroud held that plaintiffs need not administratively exhaust their claims under the Illinois Human Rights Act. 904 N.E.2d 1, 17 (Ill. 2009). This is, again, a misreading of the case. The Illinois Supreme Court held in Blount that the plaintiff could proceed with her §1983 claim in state court instead of through the Illinois Human Rights Commission. Nowhere in the decision did the Illinois Supreme Court negate the administrative exhaustion requirement in the Illinois Human Rights Act. 775 ILCS 5/7A-102. Courts have routinely enforced the Illinois Human Rights Act's administrative exhaustion requirement after Blount. Vroman v. Round Lake Area Sch.-Dist., 2015 WL 7273108,

at *2 (N.D. Ill. Nov. 18, 2015); Glemser v. Sugar Creek Realty, LLC, 2010 WL 375166, at *3 (C.D. Ill. Jan. 26, 2010) ("[T]he doctrine of exhaustion of administrative remedies applies to claims arising under the Illinois Human Rights Act."); Blades v. J&S Pro. Pharmacy, Inc., 2018 WL 6423910, at *2 (S.D. Ill. Dec. 6, 2018). As a result, Plaintiffs' claim under the Illinois Human Rights Act must be dismissed.

Because Plaintiffs have failed to plead plausible facts supporting their claims against the School Defendants, all counts against the School Defendants are dismissed.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 7, 2021